IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL HERBERT BUCKLEY,

     Petitioner,

v.                            Case No. 4:14cv206-RH/CAS

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about April 21, 2014, Petitioner Michael Herbert Buckley, a
federal prisoner proceeding pro se, filed a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2241.   ECF No. 1.   On October 20, 2014,
Respondent filed an answer, with attachments.   ECF No. 19.   Petitioner
filed a reply on or about December 17, 2014.   ECF No. 21.

The matter was referred to the undersigned United States Magistrate
Judge for report and recommendation pursuant to 28 U.S.C. § 636 and
Northern District of Florida Local Rule 72.2(B).   After careful consideration,

the undersigned concludes Petitioner has not demonstrated entitlement to proceed under § 2241 and, if considered as a § 2255 motion, the pleading is untimely.   Accordingly, this petition should be dismissed.

## Background

By grand jury indictment filed September 11, 2007, in the U.S. District Court for the Northern District of Florida, case number 4:07cr59, Petitioner Michael H. Buckley was charged with two counts, in connection with events that took place between June 2006 and July 27, 2007:   (1) conspiracy to possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and (2) manufacture and possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.   ECF No. 19-1 at 2-4 (Ex. 1).   On January 17, 2008, Buckley entered a written plea agreement and entered a guilty plea to Count 1 at a plea hearing before U.S. Magistrate Judge William Sherrill. ECF No. 19-1 at 6-12 (Ex. 2), 14-16 (Ex. 3).   In the written agreement, among other things, Buckley agreed that he "is pleading guilty because he is in fact guilty of the charge contained in Count One."   ECF No. 19-1 at 7. The Government agreed that, upon the district court's adjudication of guilt,

the U.S. Attorney would move to dismiss the second count and not file any further charges against Buckley "arising out of the same transactions or occurrences."  *Id.*   Judge Sherrill entered a Report and Recommendation that the court accept the plea agreement and Buckley's plea of guilty. ECF No. 19-1 at 14-16.

By order dated January 18, 2008, United States District Judge Stephan Mickle accepted the guilty plea.   ECF No. 19-1 at 18 (Ex. 4).   In a judgment and sentence dated May 12, 2008, Judge Mickle adjudicated Buckley guilty of Count 1, indicated Count 2 was dismissed on the Government's motion, and sentenced Buckley to 120 months in prison, followed by 8 years of supervised release.   ECF No. 19-1 at 20-28 (Ex. 5). Buckley did not file a direct appeal or file a motion under 28 U.S.C. § 2255 challenging the conviction and sentence.   *See* ECF No. 1 at 2.

As indicated above, Buckley filed this § 2241 petition on or about April 21, 2014, while incarcerated at the Federal Detention Center in Tallahassee, Florida. .[1]   ECF No. 1.   He indicates the petition concerns

_____

[1]Petitioner Buckley subsequently filed, on May 25, 2014, a Notice of Change of Address reflecting his transfer to the Federal Correctional Institution in Yazoo City, Mississippi. ECF No. 4.   Because he filed his § 2241 petition in this Court while incarcerated within the Northern District of Florida, the prison transfer does not deprive this Court of jurisdiction.   *See* Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).   Buckley has submitted no other changes of address; however, a check of the website for the Federal

Case No. 4:14cv206-RH/CAS

his conviction.   *Id.* at 2.   He did not respond to the question asking him to

explain why the remedy under § 2255 is inadequate or ineffective.   *Id.*   He

raises one ground, alleging law enforcement illegally obtained a search

warrant of his property:

> Law enforcement unlawfully and/or illegally obtained a search
> warrant of the Petitioner's abode and curtilage.   On or about
> July of 2007, local law enforcement officer Jim Corder, an
> officer with the Gadsden County Sheriff's Department in
> Quincy, Florida, claimed to have facilitated a "controlled buy"
> from Petitioner Michael Herbert Buckley.   The "controlled buy"
> never occurred.   Officer Corder illegally and unlawfully
> orchestrated the "controlled buy" to obtain the search warrant of
> Petitioner's property.

*Id.* at 3.   As supporting facts, Buckley alleges:

> In particular, the search warrant created by Officer Corder
> claimed that the confidential informant "Billy Joe" bought
> marijuana from the Petitioner.   The allegation on the search
> warrant was, and is, patently false and untrue.   At the time of
> the alleged "controlled buy" between the confidential informant
> and the Petitioner, the informant was "under the yoke", i.e.,
> duress, and being harassed by Officer Corder.   Petitioner is of
> the belief that the "confidential informant" is willing to testify
> and/or issue an affidavit purporting the aforementioned
> statements of fact.
>
> Furthermore, during the one and only alleged "controlled buy"
> the confidential informant was wired by local law enforcement
> officers.   No evidence of illegal activity was ever recorded or

---

Bureau of Prisons on this day reflects his address as the Orlando RRM (Residential
Reentry Management).   *See* www.bop.gov.   The website also indicates his release
date is January 7, 2017.   *See id.*

produced by Officer Corder.

At the time of his arrest, Petitioner told law enforcement officials that the alleged "controlled buy" never occurred.   No one believed him.   As a result, Petitioner under the weight of the Federal government opted to enter a Guilty Plea to avoid the potential of 30 years to life in jail.

On or about December 2012, Petitioner became informed of several investigations into illegal and unlawful practices of Officer Corder.   This new information gave rise to Petitioner's desire and willingness to file this Petition.

*Id.*   He requests the court set aside or vacate his conviction on the basis that it was obtained unlawfully and in violation of his constitutional rights. *Id.* at 5.

Respondent filed an answer, with attachments, arguing the petition should be dismissed.   ECF No. 19.   Respondent points out that Buckley challenges his conviction, not the imposition of his sentence.   *Id.* at 2. Respondent further points out that the only way Buckley may proceed under the "savings clause" only if § 2255 is inadequate or ineffective to test the legality of his detention, but Buckley offers no explanation for how the remedy under § 2255 is inadequate or ineffective.   *Id.*   Respondent also points out that an allegation that proceeding under § 2255 is inadequate or ineffective because he is time-barred should be rejected.   *Id.*

Buckley filed a reply.   ECF No. 21.   He asserts this Court should

liberally construe his pro se pleadings and he has no objection to this Court

construing this petition as a § 2255 motion.   *Id.* at 1-2.   He asserts he "has

suffered a substantive miscarriage of justice rising to a fundamental denial

of his constitutional rights" and he "is entitled to a full and thorough review

of the circumstances surrounding the fraudulently obtained search warrant,

the execution of which resulted in the collection of the only evidence

presented against [him]."   *Id.* at 2.

## <u>Analysis</u>

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not

extend to a prisoner unless the prisoner is "in custody in violation of the

Constitution or laws or treaties of the United States."   As noted in <u>Hayman</u>,

prisoners must bring habeas corpus applications in the district of

confinement.   342 U.S. at 213.   Because courts with federal prisons in

their jurisdictional boundaries became inundated with habeas petitions, and

because the materials, witnesses, and other evidence which had a

significant bearing on the determination of the legality of a sentence were

generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   *See* Hayman, 342 U.S. at 212-14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons'

administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence

is properly brought under 28 U.S.C. § 2255 in the district of conviction.

*See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353,

1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.   The Eleventh Circuit has

explained:

> In general, a federal prisoner seeking to challenge the legality
> of his conviction or sentence has two bites at the apple: one on
> direct appeal, and one via a § 2255 motion.   In the interests of
> finality, the law generally bars prisoners from filing second or
> successive § 2255 motions, except when "certified as provided
> in section 2244[(b)(3)(A)] by a panel of the appropriate court of
> appeals to contain" either "newly discovered evidence" of actual
> innocence or "a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court, that was
> previously unavailable."   *See* 28 U.S.C. § 2255(h); Gilbert [v.
> United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en
> banc)].   This bar on second or successive motions is
> jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013). "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing <u>Wofford</u>, 177 F.3d at 1245); *see, e.g.*, <u>Antonelli</u>, 542 F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *see* <u>Wofford</u>, 177 F.3d at 1238. The italicized language, known as the "savings clause," allows habeas corpus review of a claim only in limited circumstances:

The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.   Failure to meet a single prong means a petitioner's claim fails.   *See* <u>Wofford</u>, 177 F.3d at 1244; <u>Flint v. Jordan</u>, 514 F.3d 1165, 1168 (11th Cir. 2008).   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   <u>Samak v. Warden,</u>

FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing

Williams, 713 F.3d at 1337-38).   A petitioner has the burden of

demonstrating entitlement to proceed under the savings clause.   *Id.*

     In this case, Buckley's § 2241 petition challenges his conviction, not

the execution of his sentence.   Such a challenge is properly brought

pursuant to § 2255, not pursuant to § 2241.   *See, e.g.*, Antonelli, 542 F.3d

at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

     Buckley has made no argument or showing that he is entitled to

proceed under the savings clause.   He indicates he has not sought relief

under § 2255 and urges this Court to consider his § 2241 petition as a

§ 2255 motion, pointing out that his conviction and sentence are also from

this Court.

     If considered as a § 2255 motion, however, the filing is untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year limitation period on the filing

of § 2255 motions and the one-year period runs from the latest of the

following:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion
       created by governmental action in violation of the
       Constitution or laws of the United States is removed, if the
       petitioner was prevented from making a motion by such

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

If a defendant does not file an appeal, as here, his conviction becomes final when the 14-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a). Thus, Petitioner Buckley's conviction and sentence became final on or about May 26, 2008, when his appeal period expired 14 days after the entry of judgment on May 12, 2008. To be timely, a § 2255 motion had to be filed no later than one year from that date, on or about May 26, 2009. Alternatively, even assuming Buckley could not have known, through due diligence, of the facts supporting the claim until "[o]n or about December 2012," as he alleges in his petition, ECF No. 1 at 3, considering the petition as a § 2255 motion, filed April 21, 2014, it would still be untimely. Finally, that a § 2255 motion would be untimely does not render the § 2255 remedy inadequate or ineffective, to open the portal to seek relief under § 2241. *See, e.g.*, Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ

of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be

**DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2016.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served
upon all other parties.   A party may respond to another party's
objections within fourteen (14) days after being served with a copy
thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may
appear on the electronic docket is for the Court's internal use only
and does not control.   If a party fails to object to the magistrate
judge's findings or recommendations as to any particular claim or
issue contained in a Report and Recommendation, that party waives
the right to challenge on appeal the district court's order based on the
unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28
U.S.C. § 636.**